IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Eva Smith,<br><br>    Plaintiff,<br><br>v.<br><br>McLeod Regional Medical Center of the Pee Dee, Inc., Genesis Healthcare, Inc., Dr. Brent Baroody, Select Family Medicine, LLC and Dr. Traesa Brown,<br><br>    Defendants. | **COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff, by and through her undersigned counsel, for a Complaint against Defendants, alleges as follows:

**JURISDICTIONAL ALLEGATIONS**

1. Plaintiff Eva Smith (by name or "Plaintiff") is a citizen and resident of Richland County, South Carolina.

2. Defendant Genesis Healthcare, Inc. ("Genesis") is an entity organized and existing in the State of South Carolina and is a Federally Qualified Health Center. Genesis provides physician and nursing services in Florence County, South Carolina. The facility had a non-delegable duty of care to ensure that physicians, assistants, nurses, and other providers supplied professional treatment within the standard of care.

3. Defendant Dr. Brent Baroody ("Baroody") is, upon information and belief, a citizen and resident of Florence County, South Carolina and is a licensed physician specializing in obstetrics and gynecology. Baroody was employed by Genesis at all times relevant to this Complaint.

1

4. Select Family Medicine, LLC ("SFM") is an entity organized and existing in the State of South Carolina. SFM provides physician and nursing services in Florence County, South Carolina. The facility had a non-delegable duty of care to ensure that physicians, assistants, nurses, and other providers supplied professional treatment within the standard of care.

5. Defendant Dr. Traesa Brown ("Brown") is, upon information and belief, a citizen and resident of Florence County, South Carolina and is a licensed physician specializing in family practice. Brown owned or was employed by SFM at all times relevant to this Complaint.

6. McLeod Regional Medical Center of the Pee Dee, Inc. (hereinafter referred to as "McLeod") is a nonprofit entity providing medical services, including the provision of physician, nursing, physical therapy, and other services, in Florence, South Carolina, and is responsible for the existence and maintenance of McLeod Regional Medical Center.

7. Plaintiffs bring this complaint against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq* and 28 U.S.C. § 1346(b)(1) for money damages as compensation for the personal injuries to Mrs. Smith caused by the acts of Defendant's employees, servants, and agents. Specifically, Defendant Genesis Healthcare, Inc. is a Federally Qualified Health Center subject to jurisdiction in Federal Court under the above-referenced statutes.

8. Venue is proper in that all, or a substantial part, of the acts and omission forming the basis of this claim occurred in the District of South Carolina, Florence Division and arose from the acts of the United States through its employees, servants, and agents acting within the course and scope of their employment with Genesis Healthcare, Inc. and any other office of the U.S. government who may have provided some type of medical care to Mrs. Smith.

9. Plaintiffs have fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act by giving formal notice in writing to the United States through the filing

of a Form 95 with all Defendants, United States Department of Justice, the United States Attorney General and Health Resources & Services Administration. The Defendants have denied Plaintiff's claims.

## MEDICAL AND NON-MEDICAL MALPRACTICE ACTIONS

10. The causes of action contained herein are grounded in both medical and non-medical malpractice standards and tort principles.

11. Plaintiff's Complaint contains allegations, applicable to specific causes of action, which are subject to the Non-Economic Damages Act of 2005 (solely simple negligence actions concerning medical care) and allegations applicable to other specific causes of action, which are NOT subject to the Non-Economic Damages Act of 2005.

12. "[N]ot every action taken by a medical professional in a hospital or doctor's office necessarily implicates medical malpractice and, consequently, the requirements of [S.C. Code Ann.] Section 15-79-125." Dawkins v. Union Hosp. Dist., 408 S.C. 171, 178, 758 S.E.2d 501, 504 (2014).

13. "However, at all times, the medical professional must 'exercise ordinary and reasonable care to ensure that no unnecessary harm [befalls] the patient.'" Id. at 178, 758 S.E.2d at 504 (further citations omitted).

14. "The statutory definition of medical malpractice found in section 15-79-110(6) does not impact medical providers' ordinary obligation to reasonably care for patients with respect to nonmedical, administrative, ministerial, or routine care." Id.

15. Medical malpractice covers all sorts of intricate surgical procedures and medical judgment calls physicians and nurses must make when treating patients with complex ailments or injuries.

16. However, "not every injury sustained by a patient in a hospital results from medical malpractice." Dawkins v. Union Hosp. Dist., 408 S.C. 171, 177, 758 S.E.2d 501, 504 (2014).

17. Dawkins shows that doctors and nurses acting in their professional capacities can commit errors grounded in ordinary negligence as well as those that would constitute medical malpractice.

18. This also applies to non-medical personnel employed in a medical facility.

19. Thus, when a doctor, mid-level practitioner, nurse, or other employee treats a patient, one must examine their underlying actions and inactions to determine whether the care provided was medical or non-medical in nature.

## FACTUAL ALLEGATIONS

20. This claim concerns the substandard medical care provided to Mrs. Smith in the failure to diagnose her breast cancer following a routine mammogram in July 2018.

21. She presented to McLeod Regional Medical Center for her annual mammogram on July 30, 2018.

22. Dr. Brent Baroody ordered the mammogram.

23. Mrs. Smith requested that the results of the mammogram be sent to Dr. Brent Baroody with Genesis Healthcare, Inc., who was her ob/gyn, and Dr. Traesa Brown with Select Family Medicine, LLC, who was her primary care physician.

```
ORDER DR:     BRENT J. BAROODY M.D.
ATTEND DR:    {atn_dr_name}
COPY TO:      TRAESA BROWN, NP
DIAGNOSIS:    Z12.31 SCREENING
ORDER DR:     BRENT J. BAROODY M.D.
ATTEND DR:    {atn_dr_name}
TRANSCRIBED D/T: Jul 30 2018 5:47PM
PROCEDURE: MAMMO 3-D SCREEN BILAT / ORD #: 90003  Accession#: 8722289  CPT:
ORDERED FOR: Jul 30 2018 3:21PM   COMPLETED: Jul 30 2018 4:25PM
INDICATIONS/COMMENTS: Z12.31 SCREENING MAMMOGRAM
```

24. A mass was visualized on the exam.

> FINDINGS: Newly evident left breast mass 3:00 middle third is seen 13 x 9 mm in diameter with possible angulated margin posteriorly is seen for which ultrasound is recommended to further characterize. There is no right breast dominant mass, architectural distortion, or abnormal calcification to suggest the interval development of malignancy.
>
> IMPRESSION: Additional imaging with left breast ultrasound is recommended as described above

25. Mrs. Smith did not receive these results from McLeod Regional Medical Center, nor was she ever contacted by either of her physicians to schedule a follow up exam to address the mass.

26. Defendants had an independent duty to notify Plaintiff of the abnormal mammogram results. No such communication was ever made by any of the Defendants.

27. In February 2019, Mrs. Smith presented to Dr. Brown, as the mass had now grown to the point where she was able to feel it.

28. Another mammogram was performed on February 19, 2019, at McLeod Regional Medical Center, and the mass was again visualized. An ultrasound was also performed on this visit.

```
ORDER DR: TRAESA A BROWN M.D.
ATTEND DR:      TRAESA A BROWN M.D.
COPY TO:
DIAGNOSIS:                                   N63.20 LT BREAST MASS
ORDER DR:                          TRAESA A BROWN M.D.
ATTEND DR:                         TRAESA A BROWN M.D.
TRANSCRIBED D/T: Feb 19 2019  4:58PM
PROCEDURE: BREAST ULTRASOUND/UNI-LEFT  / ORD #: 90001  Accession#:
9130036     CPT:  76641
ORDERED FOR: Feb 19 2019  3:57PM   COMPLETED: Feb 19 2019  4:34PM
INDICATIONS/COMMENTS:  N63.20 LT BREAST MASS

RESULT: DIAGNOSTIC MAMMOGRAM:

CLINICAL HISTORY: Patient presents today with a palpable mass in the
left breast for one day. Review of her previous records demonstrates she
was recalled from her most recent screening mammogram of July 2018.

TECHNIQUE: Digital breast tomosynthesis (3D)  MLO and CC with 2D C-view
are obtained of  the left breast the images were also analyzed using
Computer-Aided Detection (CAD).

COMPARISON EXAMINATION: 7/30/2018

DENSITY:  Scattered fibroglandular densities.

FINDINGS: The mass in question appears to be enlarged compared to prior
examination. There are no abnormal calcifications.

 There is no other dominant mass, architectural distortion, or abnormal
calcification. No abnormal adenopathy.
```

5

29.     A second ultrasound was performed on February 27, 2019, the results of which were read to Dr. Brown's and Dr. Baroody's office on March 4, 2019.  The ultrasound identified poorly differentiated invasive ductal carcinoma.

30.     At this time, Mrs. Smith still did not know the masses were initially visualized in the July 2018 mammogram.

31.     Mrs. Smith started chemotherapy in April 2019, lost all her hair, had kidney issues, syncope, low white blood cell counts, low iron levels, neuropathy, and significant fatigue.

32.     Mrs. Smith later had a double mastectomy and thankfully, is currently in microscopic remission.

33.     Upon information and belief, had Defendants properly communicated the results of Mrs. Smith's July 2018 mammogram to her, she could have avoided the invasive treatment the larger mass (ultimately discovered and diagnosed in March 2019) required.

34.     Mrs. Smith's injuries were the direct and proximate result of and were caused and occasioned by the negligence, carelessness, recklessness, willfulness, and wantonness of Defendants and their agents, employees, and servants in failing to possess and exercise that degree of medical training, competency, and skill ordinarily and customarily possessed and exercised by medical professionals under similar circumstances.  Attached hereto as **Exhibits 1, 2, 3 and 4** are affidavits from qualified experts who will testify to one or more deviations from the applicable standard of care.

**FOR A FIRST CAUSE OF ACTION**
(Negligence / Gross Negligence)

35.     Plaintiff reiterates the allegations in Paragraphs 1-34 above as if set forth verbatim herein.

36.     Defendants, through their agents and/or employees, undertook the duty to render medical care to Mrs. Smith in accordance with the prevailing and acceptable professional standards of care in the national community.

37.     Notwithstanding this undertaking and while Mrs. Smith was under the care of Defendants, they departed from prevailing and acceptable professional standards of care and treatment of Mrs. Smith and were negligent, careless, grossly negligent, reckless and in violation of the duties owed to Mrs. Smith, and are liable for one or more of the following acts of omission or commission, any or all of which are departures from the prevailing and acceptable professional standards of care:

As to Defendant McLeod Regional Medical Center:

- In failing to confirm that Eva Smith received her mammogram results;
- In failing to confirm that Eva Smith's ordering provider and primary care physician received her results; and,

As to Defendants Brent Baroody, MD and Genesis Healthcare, Inc.:

- In assuming the mammogram test results were transmitted to the ordering physician, and in failing to follow up with Mrs. Smith on the abnormal test results.

As to Defendants Traesa Brown, MD and Select Family Medicine, LLC:

- In assuming the mammogram test results were transmitted to Mrs. Smith's primary care physician, and in failing to follow up with Mrs. Smith on the abnormal test results.

As to all Defendants:

- In such other particulars as will be discovered through discovery and at the trial of this case.

38.     As a direct and proximate cause of Defendants' medical negligence, Mrs. Smith has incurred serious bodily harm, mental anguish, scarring, pain and suffering, medical bills and other expenses.  Further, given that the conduct of the Defendants was reckless or grossly negligent, the Plaintiffs are entitled to a sum of punitive damages as determined by a jury.

## FOR A SECOND CAUSE OF ACTION
(General Negligence)

39. Plaintiff reiterates the allegations in Paragraphs 1-38 above as if set forth verbatim herein.

40. Upon information and belief, Defendants have the right or power to direct and control the way their employees and/or agents provide care and operate the business of delivering routine, ministerial and/or non-medical care.

41. Upon information and belief, Defendants have a non-delegable duty to provide physicians, nurses, and other staff adequately trained and able to provide any routine and/or non-medical care to patients.

42. Defendants and their physicians, pharmacists, nurses, agents, administrative staff, and/or other employees, undertook the duty to render routine ministerial care to Mrs. Smith in accordance with the prevailing professional standards in the national community.

43. Notwithstanding said undertaking, and while Mrs. Smith was under the care of Defendants, and their physicians, nurses, agents, administrative staff, and/or other employees, said Defendants, and their physicians, pharmacists, nurses, agents, administrative staff, and/or other employees departed from prevailing and acceptable standards of administrative, routine, ministerial or non-medical care and treatment and were thereby negligent, careless, grossly negligent, reckless and in violation of the duties owed to her and are therefore liable for one or more of the following acts of omission or commission:

    a. In failing to communicate necessary information to their patient;

    b. In acting or failing to act in a way that would appropriate to a member of the public;

    c. In failing to render proper routine care;

    d. In failing to render proper ministerial care;

  e.  In failing to render proper administrative care;

  f.  In failing to render proper non-medical care;

  g.  In failing to train their employees, nurses, physicians, and/or agents in an appropriate manner;

  h.  In continuing to employ certain employees when Defendants knew or should have known that doing so would result in a patient's harm; and

  i.  In such other particulars as may be ascertained through discovery undertaken pursuant to the South Carolina Rules of Civil Procedure.

44.  As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness, and departures from proper routine, ministerial, administrative, or non-medical care by all Defendants and their physicians, pharmacists, nurses, agents, administrative staff, and/or other employees as noted above, Mrs. Smith suffered severe bodily injury. Defendants' negligence, and that of their physicians, pharmacists, nurses, agents, administrative staff, and other employees, caused Mrs. Smith to suffer injuries and damages including, but not limited to the following:

  a.  Past and future mental anguish;

  b.  Past and future physical pain and suffering;

  c.  Past and future medical and health care expenses;

  d.  Past and future loss of the enjoyment of life;

  e.  Permanent disfigurement;

  f.  Loss of earnings;

  g.  Loss of earning potential; and

  h.  Other Damages as will be shown through discovery and the trial of this case.

9

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants for actual damages, special damages, and consequential damages in an amount to be determined by the court at the trial of this action, for the costs and disbursements of this action and for such other and further relief as this court deems just and proper.

        Respectfully submitted,

        s/ Anna S. Magann
        Anna S. Magann, Fed ID # 11974
        McGowan, Hood & Felder, LLC
        137 Professional Ln., Suite B
        Pawleys Island, SC 29585
        (843) 833-8082
        (843) 833-8092 Facsimile
        amagann@mcgowanhood.com

        Shawn Deery, Fed ID #09819
        McGowan, Hood, & Felder, LLC
        1517 Hampton St.
        Columbia, SC 29201
        (803) 779-0100
        (803) 787-0750  Facsimile
        sdeery@mcgowanhood.com

        Attorneys for Plaintiff

Pawleys Island, South Carolina

February 9, 2022